[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Plaintiff Steven Edelman appeals the decision of the defendant state elections enforcement commission dismissing his complaint against the town of Windham. The commission acted pursuant to General Statutes § 9-7b. The plaintiff appeals pursuant to § 4-183. The commission moves to dismiss the appeal. The court finds the issues in favor of the defendant commission.
On June 14, 1995, the plaintiff wrote a letter to the director of the defendant commission in which he alleged that officials of the town of Windham had violated General Statutes § 9-369b(a) in the course of conducting a referendum on the board of education budget. The referendum had been held the day before, June 13, 1995. In essence, the plaintiff claimed that the town officials wrongfully sought to influence the vote at the referendum by their wording of the question printed on the ballot. The plaintiff demanded that the commission impose "the civil fine of $3,317,568.00 that section 9-369b(b) of the Connecticut General Statutes allows."
Upon receipt of the plaintiff's letter, the commission proceeded to investigate his allegations. On June 30, 1995, following the investigation by a commission staff member, the chairman of the commission issued written findings and the conclusions, expressly stating that the commission was acting on a complaint brought pursuant to General Statutes § 9-7b(1). In this proposed decision, the chairman concluded that no violation of § 9-369b(a) had occurred. On July 19, 1995, CT Page 12517 at a meeting of the commission, the commission voted to adopt the chairman's findings and conclusions and dismissed the plaintiff's complaint. It is that action which is the subject of this appeal.
The basis of the commission's motion to dismiss the plaintiff's appeal is that neither § 9-7b nor § 9-369b
require the commission to hold a hearing before dismissing a complaint. Therefore, the commission argues, its decision was not rendered in a "contested case" within the meaning of the Uniform Administrative Procedure Act and is not appealable under § 4-183, citingSummit Hydropower Partnership v. Commissioner ofEnvironmental Protection, 226 Conn. 792 (1993).
The plaintiff does not disagree with the commission's "contested case" argument. Rather, he contends that the commission's decision was a declaratory ruling issued pursuant to § 4-176 and, therefore, appealable even though no hearing was held or required. The plaintiff's argument raises a significant issue, but the court concludes that it may not be sustained.
In general terms, the law recognizes a distinction between the rulemaking and adjudicatory functions of administrative agencies. The rulemaking function is generally prospective in effect; it establishes a rule or interpretation or standard to be applied in the future to circumstances occurring in the future as well as to present circumstances. A. Aman W. Mayton, Administrative Law (1993), p. 101. "Rulemaking tries to canvass all the competing considerations. . . . The open and participatory processes of rulemaking . . . are meant to accommodate and assess such a range of parties and interests." It is "a comprehensive decisional process." Id., p. 102. In the Connecticut Uniform Administrative Procedure Act, the rulemaking functions are embodied in the statutes relating to the promulgation of regulations, §§ 4-168 through 4-174, and the issuance of declaratory rulings, § 4-176.
By contrast, the adjudicatory function involves the "retrospective determination of specific facts about individual parties." It is usually adversarial in nature; "an intensive and retrospective examination of the CT Page 12518 conduct of accused individuals" or "characteristically bilateral, the agency versus an individual or a firm." A. Aman W. Mayton, supra, pp. 102-03. In Connecticut administrative law, the adjudicatory functions are embodied in the statutes relating to "contested cases," §§ 4-177 through 4-182.
The distinction between an agency's rulemaking and adjudicatory functions may not always be sharply drawn. This is especially true when only the immediate effect of the agency's action is considered. Thus, when an agency issues a declaratory ruling that narrowly focuses on a petitioner's unique factual circumstances, the effect on that individual may not be much different than it would be if the agency had rendered a decision in a contested case involving the same facts. See Cannata v. Commissionerof Environmental Protection, 215 Conn. 616, 629 n. 9 (1990). There are always, however, significant differences in the procedures that an agency must follow, depending upon which function it is performing. If the agency is performing its rulemaking function by issuing a declaratory ruling on the proper interpretation of a statute, for example, its action has the potential for affecting the interests in the future of individuals other than the immediate petitioner. For that reason, the declaratory ruling statute, § 4-176(c) and (d), provides for notice to other potentially interested persons and their inclusion in the proceedings. By contrast, an agency decision in a contested case is binding only on the immediate parties, and others need not be notified in advance of the proceeding.
A review of the record in this case, in the context of the principles discussed above, establishes that the plaintiff did not petition the commission for a declaratory ruling nor did the commission issue such a ruling. In his letter of June 14, 1995, the plaintiff relates a few facts concerning the referendum and accuses the town officials of violating § 9-369b. He concludes with the demand that the officials be fined. Nowhere does he request a ruling as to the proper interpretation of the statute as applied to the facts and circumstances of the particular case; rather, he supplies his own interpretation and demands that the commission adopt it and take punitive action against those whom he accuses of CT Page 12519 violating the statute.
It is equally clear that the commission did not consider its response to the plaintiff's letter to be a declaratory ruling. It did not, for example, notify the other towns in the state to invite their input regarding a proposed ruling interpreting § 9-369b. Instead, the commission notified only those officials in Windham whom the plaintiff accused. The commission did, however, treat the plaintiff's letter as a complaint filed pursuant § 9-7b. Accordingly, it initiated an investigation, developed its own factual findings, and ultimately concluded that it could not sustain the plaintiff's allegations of wrongdoing. In the words of the treatise cited above, the commission conducted "an intensive and retrospective examination of the conduct of accused individuals" and made a "retrospective determination of specific facts about individual parties." That is, as noted, an adjudicatory action. Of course, in the process of reaching its decision to dismiss the complaint, the commission had to interpret the relevant statutory provisions, but such an exercise is necessary whenever a governmental agency is called upon to determine whether a statutory violation has occurred. That necessary deliberative process does not transform the agency's action on a complaint about certain specific individuals into the issuance of a declaratory ruling of general applicability, however.
The court concludes, for the reasons set forth above, that the commission did not issue a declaratory ruling pursuant to § 4-176 in this case. The court concludes, further, that the commission's decision dismissing the plaintiff's complaint was not a "contested case" within the meaning of §§ 4-183 and 4-166. Section4-183 does not, therefore, authorize the plaintiff's appeal.
The motion to dismiss the appeal is granted. CT Page 12520